UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JOHN PORTERFIELD, | § | SA:16–CV–105–DAE |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | |
| DEUTSCHE BANK NATIONAL | § | |
| TRUST COMPANY, | § | |
| | § | |
| Defendant. | § | |
| | § | |

ORDER: (1) DENYING MOTION TO REMAND;
(2) DENYING DEFENDANT'S MOTION TO DISMISS;
(3) DENYING PLAINTIFF'S MOTION TO DISMISS COUNTERCLAIMS

Before the Court is a Motion to Dismiss, filed by Defendant Deutsche

Bank National Trust Company ("Deutsche Bank") (Dkt. # 4), a Motion to Remand,

filed by Plaintiff John Porterfield (Dkt. # 5), and a Motion to Dismiss

Counterclaims, filed by Porterfield (Dkt. # 11).  Pursuant to Local Rule CV-7(h),

the Court finds these matters are suitable for disposition without a hearing.  After

considering the briefings in this case, for the reasons stated below, the Court finds

that Deutsche Bank's Motion to Dismiss should be **DENIED** (Dkt. # 4), Plaintiff's

Motion to Remand should be **DENIED** (Dkt. # 5), and Plaintiff's Motion to

Dismiss Counterclaims should be **DENIED** (Dkt. # 11).

BACKGROUND

This case has previously been before this Court, though the issues involved have become more complex since the parties' last appearance before the undersigned.  Plaintiff, who is now proceeding pro se,[1] alleges he is the owner of property located at 2 Walnut Grove Rd., Boerne, Texas 78006, located in Kendall County, Texas (the "Property").  ("Compl.," Dkt. # 1, Ex. A-2, at V.)

According to the counterclaim asserted by Deutsche Bank, the issues in the instant suit date back to 1996, when the Property was purchased by Timothy Ray Nobles ("Nobles").  ("Counterclaim," Dkt. # 11 ¶ 1.)  Deutsche Bank states that Nobles obtained a home equity loan on February 23, 2004, secured by a Texas Home Equity Security Instrument and executed alongside a Texas Home Equity Affidavit and Agreement.  (Id. ¶ 2; Dkt. # 4, Exs. A & B.)[2]  The Security Instrument and Home Equity Affidavit state that the Property was Nobles' homestead.  (Counterclaim ¶ 2.)  In 2005, Deutsche Bank claims that Nobles again

---

[1] While Mr. Porterfield is proceeding pro se, he was formerly licensed as an attorney in the state of Louisiana and was disbarred in 1989.  See Louisiana State Bar Ass'n v. John W. Porterfield, 550 So. 2d 584 (La. 1989).

[2] The Court may consider the documents regarding the transferred security interest in the Property, judgment lien, and writ of execution attached to the motion to dismiss without converting the motion into one for summary judgment.  See In re Katrina Canal Breaches Litig., 495 F.3d 191, 205 (5th Cir. 2007) (stating that a court may consider materials outside the pleadings on a motion to dismiss where those materials are both central to the plaintiff's claims and referenced in the complaint).

characterized the Property as his homestead before the Kendall Central Appraisal District.  (Id. ¶ 3.)

According to Deutsche Bank, Warren Power and Machinery, LP ("WPM") sued Nobles in the County Court at Law No. 1 of Midland County, Texas, and obtained a judgment against him on April 1, 2005.  (Counterclaim ¶ 4.) An abstract of judgment was recorded in the Kendall County property records. (Id.; Dkt. # 4, Ex. C.)  On November 30, 2005, Nobles conveyed the Property to John Galland ("Borrower").  (Id. ¶ 5.)  Galland obtained a $240,000 loan from the Long Beach Mortgage Company ("Long Beach"), secured by a Deed of Trust against the Property.  (Id.; Dkt. # 4, Ex. D.)  On March 9, 2007, Galland allegedly executed a contract to sell the Property to Plaintiff; Plaintiff filed suit to enforce the contract.  (Counterclaim ¶ 6.)

According to Plaintiff, the 216th District Court for Kendall County, Texas entered a judgment on April 19, 2007, awarding him ownership of the property, subject to the security interest owned by Long Beach .  (Compl. at VI.) On September 27, 2007, Long Beach assigned the note to Deutsche Bank. (Counterclaim ¶ 5, Dkt. # 4, Exs. E, F.)

Plaintiff claims he later learned that the Property was encumbered by the abstract of judgment against Nobles in favor of WPM.  (Compl. at VII.) According to Plaintiff, the encumbrance by the judgment lien, as well as "other

3

matters," caused "several years of litigation . . . between various parties in an attempt to clear the title to the property which resulted in an apparent settlement between the parties in September 2011." (Compl. at VII.)  Nevertheless, the Property was still, according to Plaintiff, encumbered by the judgment lien.  (Id.)

Plaintiff states at some time after 2011, Deutsche Bank foreclosed on the deed of trust without notice and after the applicable statute of limitations for foreclosure had run; Plaintiff sued Deutsche Bank and another defendant.  (Compl. at IX.)

The defendants in the 2012 litigation removed the case to federal court; on July 21, 2014, the undersigned addressed summary judgment motions filed by Plaintiff and the defendants in the case, and dismissed Plaintiff's claims for wrongful foreclosure, unreasonable debt collection, violations of the Texas Debt Collection Practices Act ("TDCPA"), Texas Deceptive Trade Practices Act ("DTPA"), and certain breach of contract claims.  John Porterfield and Anita Porterfield v. JP Morgan Chase, NA and Deutsche Bank, National Trust Company, No. 5:12–cv–815–DAE, 2014 WL 3587783 (W.D. Tex. July 21, 2014).

The case was then transferred to United States District Court Judge Royce Lamberth, who issued an order on March 10, 2015, dismissing Plaintiff's claims, entering judgment in favor of defendants, requiring the Porterfields to pay $54,362.90—the reasonable rental value of the home during the time the

Porterfields continued to live there after foreclosure occurred—to Deutsche Bank and its co-defendant, and instructing him to vacate the Property within thirty days. John Porterfield and Anita Porterfield v. JP Morgan Chase, NA and Deutsche Bank, National Trust Company, No. 5:12–cv–815–RCL, 2015 WL 1061496 (W.D. Tex. March 10, 2015).  The Porterfields appealed, and the case is currently before the Fifth Circuit on appeal.  Id., ECF No. 176 (W.D. Tex. March 2, 2016).

Plaintiff states that he then entered into negotiations with WPM, the judgment creditor, which transferred the judgment lien to him for $10.00 consideration.  (Compl. at XI; Dkt. # 4, Ex. G.)  On August 25, 2015, the County Court at Law of Midland County issued a judgment for a writ of execution against Nobles; this was delivered to the Constable of Kendall County.  (Compl. at XI; Dkt. # 4, Ex. J.)  After the required notices were made, the Constable subsequently held a sale of the Property at the Kendall County Courthouse on November 3, 2015, where Plaintiff purchased the Property, apparently from himself, for a purchase price of $90,000.  (Compl. at VII; Dkt. # 4, Ex. J.)

On January 15, 2016, Deutsche Bank obtained a writ of possession in the Justice Court for Precinct 4 of Kendall County.  (Compl. at VI.)  Plaintiff filed the instant suit seeking a temporary restraining order and injunction to prevent the execution of the writ of possession.  (Compl.)  On January 21, 2016, the District Court for the 216th Judicial District of Kendall County, Texas, issued a Temporary

Restraining Order Enjoining Deutsche Bank from executing its writ of possession on the Property, after finding that Plaintiff had made substantial improvements to the Property.  (Dkt. # 1, Ex. A-3.)  A hearing was set on Plaintiff's application for a temporary injunction on February 1, 2016.  (Dkt. # 1, Ex. A-4.)

On January 29, 2016, Defendant filed a notice of removal, invoking this Court's diversity jurisdiction.  (Dkt. # 1.)  Defendant also filed an answer asserting counterclaims for quiet title to clear the deed issued pursuant to the November 3, 2015, sale (Counterclaim ¶¶ 12–13); Trespass to Try Title (id. ¶¶ 14–16); and Declaratory Judgment affirming its right to the Property and declaring the deed issued pursuant to the November 3, 2015, sale void (id. ¶ 17).

On February 5, 2016, Deutsche Bank filed a Motion to Dismiss (Dkt. # 4.)  Plaintiff timely filed a Response (Dkt. # 6), and Deutsche Bank filed a Reply (Dkt. # 8).  On February 18, 2016, Plaintiff filed a Motion to Remand (Dkt. # 5).  Defendant timely filed a Response (Dkt. # 9).  On August 3, 2016, Plaintiff filed a Motion to Dismiss Deutsche Bank's Counterclaims (Dkt. # 11).  Deutsche Bank timely filed a Response (Dkt. # 12).

<u>LEGAL STANDARD</u>

I.  <u>Motion to Remand</u>

"It is axiomatic that the federal courts have limited subject matter jurisdiction and cannot entertain cases unless authorized by the Constitution and legislation."  <u>Coury v. Prot</u>, 85 F.3d 244, 248 (5th Cir. 1996).  Accordingly, a defendant may only remove a case over which the district court has original jurisdiction where there is diversity of citizenship or a federal question exists.  28 U.S.C. § 1441(a); <u>Halmekangas v. State Farm Fire & Cas. Co.</u>, 603 F.3d 290, 295 (5th Cir. 2010).  To determine whether jurisdiction is present for removal, the Court considers the claims in the state court petition as they existed at the time of removal.  <u>Cavallini v. State Farm Mut. Auto Ins. Co.</u>, 44 F.3d 256, 264 (5th Cir. 1995).

Diversity jurisdiction exists in a civil action "[i]n order to provide a neutral forum" for litigation between the parties, so long as the action is "between citizens of different States," and exceeds a statutory amount in controversy.  <u>Exxon Mobil Corp. v. Allapattah Serv., Inc.</u>, 545 U.S. 546, 552 (2005) (citing 28 U.S.C. § 1332).  The statute requires the amount in controversy to exceed $75,000.00.  28 U.S.C. § 1332(a).  On a motion to remand, the removing party bears the burden of establishing that one of these bases of jurisdiction exists and that the removal was not procedurally defective.  <u>BEPCO, L.P. v. Santa Fe Minerals, Inc.</u>, 675 F.3d 466,

470 (5th Cir. 2012); <u>Shearer v. Sw. Serv. Life Ins. Co.</u>, 516 F.3d 276, 278 (5th Cir. 2008).  In general, a defendant must file a notice of removal in the district court within 30 days after receipt of the first state court pleading presenting a removable claim.  28 U.S.C. § 1446(b).

II.  <u>Motion to Dismiss</u>

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted."  Review is limited to the contents of the complaint and matters properly subject to judicial notice.  <u>See</u> <u>Tellabs, Inc. v. Makor Issues & Rights, Ltd.</u>, 551 U.S. 308, 322 (2007).  In analyzing a motion to dismiss for failure to state a claim, "[t]he court accept[s] 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'"  <u>In re Katrina Canal Breaches Litig.</u>, 495 F.3d 191, 205 (5th Cir. 2007) (quoting <u>Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit</u>, 369 F.3d 464, 467 (5th Cir. 2004)).

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."  <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009).

<u>APPLICATION</u>

I.  <u>Plaintiff's Motion to Remand</u>

Plaintiff's motion to remand asserts that the case must be remanded to state court because the amount in controversy requirement is not met.  (Dkt. # 5.) "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." <u>Hunt v. Wash. State Apple Adver. Comm'n</u>, 432 U.S. 333, 346 (1977).

Plaintiff does not dispute that the parties are diverse.  (Dkt. # 4 at 6.) Deutsche Bank, which is a national banking institution headquartered in California, is a California citizen for diversity purposes.  (Dkt. # 1 ¶ 11); <u>Wachovia Bank, N.A. v. Schmidt</u>, 126 S. Ct. 941 (2006).  Plaintiff is a citizen of Texas.  (Compl.) Accordingly, the Court finds that the parties are diverse.  28 U.S.C. § 1332. Plaintiff filed his state Court complaint on January 16, 2016, and Deutsche Bank removed the complaint on January 29, 2016; accordingly, removal was timely.  <u>See</u> 28 U.S.C. § 1446(b).

The only disputed issue with regards to Plaintiff's complaint is the amount in controversy, which Plaintiff states is not met; he alleges that the Property is not the object of the instant suit.  (Dkt. # 5 at 3–7.)  Rather Plaintiff claims that "[t]he only injury which [he] sought to protect was to not have [Deutsche Bank] remove <u>his</u> few items of personal property removed from <u>his</u> real

9

property under the direction of the constable."[3]  (Id. at 4.)  Further, Plaintiff argues that his state court petition does not place ownership of the Property at issue, and that the application for a temporary restraining order was merely an effort to "mitigate[] his damages by . . . preventing Defendant's intended trespass."  (Id. at 7.)

The Court finds this argument inapposite.  Under Texas law, a writ of possession entitles a landlord to secure the services of an "officer executing the writ to . . . deliver possession of the premises to the landlord," and remove both the tenant and the tenant's property from the premises.  Tex. Prop. Code §§ 24.0061(a), (d)(2)(A)–(D) (emphasis added).  Accordingly, the activity Plaintiff seeks to enjoin is not merely the removal of his personal property from the Property, but also Deutsche Bank's possession of the Property.  Id.  Plaintiff's request for an injunction necessarily must consider whether Plaintiff has a valid claim to possess the Property.[4]

Accordingly, the amount in controversy in a suit seeking to enjoin the execution of a writ of possession "is the value of the right to be protected or the

---

[3] Plaintiff uses his motion to remand as an avenue to advance his argument that Deutsche Bank does not own the Property.  (Dkt. # 5 at 5.)  This is a merits-based argument not appropriately considered in a motion to remand.  See Fed. R. Civ. P. 56.

[4] Further, Plaintiff's complaint alleges that he holds title to the Property.  (Compl. at VI.)

extent of the injury to be prevented;" here, the value of the home.  Farkas v.

GMAC Mortg., LLC, 737 F.3d 338, 341 (5th Cir. 2013) (quoting Leininger v.

Leininger, 705 F.2d 727, 729 (5th Cir. 1983)) (finding the amount in controversy

to be the value of the home in a diversity suit where plaintiff sought to enjoin a

foreclosure sale).

Deutsche Bank submitted the Kendall Central Appraisal District's

valuation of the Property with its Notice of Removal; the Property's value for 2016

is approximately $249,870.  (Dkt. # 1, Ex. B.)  This is well in excess of the amount

in controversy requirement.  As notice of removal was timely filed, the parties are

diverse, and the amount in controversy exceeds $75,000, Plaintiff's Motion to

Remand is **DENIED** (Dkt. # 5).

II.  Deutsche Bank's Motion to Dismiss

Deutsche Bank asserts that Plaintiff's complaint fails for four reasons:

(1) under the Texas Property Code, a judgment lien cannot attach to a homestead

(Dkt. # 4 at 6–7); (2) Porterfield's execution of the 2005 Judgment was void,

because Nobles was deceased when the sale occurred (id. at 7); (3) Plaintiff's only

cause of action is for injunctive relief and he has accordingly failed to state a claim

(id. at 7–8); and (4) Plaintiff's suit is not the proper method to contest the writ of

possession (id. at 8–9).

A. <u>Deutsche Bank's Claims Regarding the Judgment Lien</u>

Deutsche Bank's Motion to Dismiss appears to request that the Court find Porterfield's purchase of the Property, pursuant to the purchase of the judgment lien, void.[5]  (<u>See</u> Dkt. # 4 at 6–7.)  In so doing, Deutsche Bank effectively requests this Court to issue a judgment on the merits.  This is not appropriate at the motion to dismiss stage; rather, this is a determination that must be made pursuant to a motion for summary judgment.  <u>Compare</u> Fed. R. Civ. P. 12(b)(6) <u>with</u> Fed. R. Civ. P. 56.  Accordingly, the Court declines to address Deutsche Bank's argument regarding the validity of the judgment lien.

B. <u>Whether Plaintiff's Complaint Should be Dismissed for Failure to State a Claim</u>

Deutsche Bank's Motion to Dismiss also argues that Plaintiff's claim should be dismissed because there is no cause of action supporting his claim for injunctive relief.  (Dkt. # 4 at 8.)  Where a Plaintiff states a claim for injunctive relief, but fails to state a claim for substantive relief, his claim for injunctive relief fails.  <u>See, e.g.</u> <u>Doughty v. J.P. Morgan Chase Bank, N.A.</u>, No. 3:13-CV-4404-N-BK, 2014 WL 1976875, at *3 (N.D. Tex. May 15, 2014); <u>Wildy v. Wells Fargo Bank, N.A.</u>, No. 12–CV–1831, 2013 WL 246860 at *6 (N.D. Tex. 2013).

However, courts must liberally construe the filings of pro se litigants. <u>Haines v. Kerner</u>, 404 U.S. 519, 520–21 (1972); <u>Winland v. Quarternamn</u>, 578

---

[5] Deutsche Bank's arguments are set forth in section III(B), below.

F.3d 314, 316 (5th Cir. 2009) (noting the "well-established precedent requiring that [the court] construe pro se briefs liberally").  Courts hold pro se complaints to "less stringent standards than formal pleadings drafted by lawyers."  Hale v. King, 642 F.3d 492, 499 (5th Cir. 2011) (quoting Calhoun v. Hargrove, 312 F.3d 730, 733 (5th Cir. 2002)).

       Liberally construed, Plaintiff's claim for injunctive relief appears to rest upon the argument that the title he acquired after purchasing the judgment lien is superior to the judgment awarded to Deutsche Bank in Plaintiff's previous federal court suit.  (See Compl.)  Specifically, Plaintiff argues that Deutsche Bank should be enjoined from executing a writ of possession, because "Defendant no longer has any claim to title of the property."  (Id. at XV.)  Accordingly, Plaintiff appears to allege a claim for quiet title.

       "A suit to quiet title is an equitable action," whereby the party seeking "to quiet title must prove and recover on the strength of his own title, not the weakness of his adversary's title."  Fricks v. Hancock, 45 S.W.3d 322, 327 (Tex. App. 2001); Porretto v. Patterson, 251 S.W.3d 701, 708 (Tex. App. 2007).  "The principal issue in a suit to quiet title is the existence of a cloud that equity will remove."  Jaimes v. Fed. Nat. Mortg. Ass'n, 930 F. Supp. 2d  692, 697–98 (W.D. Tex. 2013); Cruz v. CitiMortgage, Inc., 2012 WL 1836095, at *4 (N.D. Tex. 2012).  To succeed on a quiet title action, Plaintiff bears the burden of making

three showings: "(1) he has an interest in the Property, (2) title to the Property is affected by a claim by [d]efendant, and (3) the claim, although facially valid, is invalid or unenforceable." McLerran v. Flagstar Bank, FSB, No. 4:12–cv–718, 2013 WL 2468733, at *2 (E.D. Tex. June 7, 2013) (citing Cruz, 2012 WL 1836095, at *4); see also U.S. Nat. Bank Ass'n v. Johnson, No. 01–10–837, 2011 WL 6938507, at *3 (Tex. App. 2011).

Here, construing the facts of Plaintiff's Complaint in the light most favorable to him, as the Court must do at the motion to dismiss stage, Plaintiff has alleged that he has an interest in the Property arising from the judgment lien he purchased from WPM.[6]  See In re Katrina Canal, 495 F.3d at 205.  (Compl. at XV.)  Second, Plaintiff alleges that his interest is affected by Deutsche Bank's claims on the Property, arising out of its attempts to execute a writ of possession. (Id.)  Finally, Plaintiff alleges that Deutsche Bank's claims to the Property are invalid, because he validly owns title to the Property.  (Id.)

At this stage, Plaintiff has alleged facts which, if true, could establish his superior title and right to relief under a quiet title claim.  Accordingly, Plaintiff has stated a claim upon which relief could be granted.

---

[6] Importantly, if Deutsche Bank prevails on certain clams at the summary judgment stage—for example, that the Property was Mr. Nobles' homestead at the time WPM obtained a judgment lien against him, or that Mr. Nobles was deceased at the time Plaintiff purchased the judgment lien—Plaintiff would not have a legal interest in the Property.

C.  Whether the Rooker-Feldman Doctrine Bars Plaintiff's Suit

Finally, Deutsche Bank argues that the case should be dismissed because the Rooker-Feldman doctrine prohibits federal review of the writ of possession Plaintiff sought to enjoin.  (Dkt. # 4 at 8–9.)

"Under the Rooker-Feldman doctrine, 'federal district courts lack jurisdiction to entertain collateral attacks on state court judgments.'"  Weaver v. Tex. Cap. Bank, N.A., 660 F.3d 900, 904 (5th Cir. 2011) (per curiam) (quoting Liedtke v. State Bar of Tex., 18 F.3d 315, 317 (5th Cir. 1994)).  Further, "Rooker-Feldman bars a losing party in state court 'from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights.'"  Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 287 (2005) (quoting Johnson v. De Grandy, 512 U.S. 997, 1005–1006 (1995)).

However, the Rooker-Feldman doctrine "does not preclude federal jurisdiction over an 'independent claim,' even 'one that denies a legal conclusion that a state court has reached.'"  Weaver, 660 F.3d at 904 (quoting Exxon Mobil, 544 U.S. at 293).  "Indeed . . . the Rooker-Feldman doctrine generally applies only where a plaintiff seeks relief that directly attacks the validity of an existing state court judgment."  Weaver, 660 F.3d at 904.

Deutsche Bank appears to misunderstand the Rooker-Feldman doctrine, as it, rather than Plaintiff, is the party which removed the case to federal court. (Dkt. # 1.) Further, Deutsche Bank did <u>not</u> remove the judgment of the writ of possession itself to this Court; rather it removed a suit with only one ruling: a temporary restraining order. (Dkt. # 1, Exs. A-1, A-3.) The pleadings before the Court make clear that the issue at the heart of this suit is not the writ of possession issued on January 15, 2016 and the temporary restraining order that barred its execution, but the competing claims to ownership of the Property. These claims are not collateral attacks on the temporary restraining order issued by the state court.

Plaintiff has asserted a claim to quiet title, which is not barred by the Rooker-Feldman doctrine. Accordingly, Deutsche Bank's Motion to Dismiss Plaintiff's complaint is **DENIED** (Dkt. # 4.)

III. <u>Plaintiff's Motion to Dismiss</u>

Plaintiff's Motion to Dismiss Deutsche Bank's counterclaims rests on the lone assertion that Deutsche Bank may only address competing claims to real property through a trespass to try title action. (Dkt. # 11 ¶ 3.) According to Plaintiff, this requires dismissal of Deutsche Bank's counterclaims for quiet title and declaratory judgment.

Plaintiff relies on Gipson-Jelks v. Gipson, which contains the following language: "[a]ny suit involving dispute over the title to land is a trespass-to-try-title action, whatever its form and regardless of whether legal or equitable relief is sought."  468 S.W.3d 600, 603 (Tex. App. 2015).  Texas appellate courts have consistently held that "a trespass to try title action is the exclusive method to adjudicate rival claims of title to real property."  Vernon v. Perrien, 390 S.W.3d 47, 54 (Tex. App. 2012).

The nature of a trespass to try title action does not preclude a party from seeking declaratory judgment; rather, the Texas Declaratory Judgments Act ("TDJA"), Tex. Civ. Prac. & Rem. Code §§ 37.001–37.011, is "a procedural device for deciding cases already within a court's jurisdiction," and does not alter "the underlying nature of the suit."  Vernon, 390 S.W.3d at 55 (quoting Tex. Parks and Wildlife Dep't v. Sawyer Trust, 354 S.W.3d 384, 388 (Tex. 2011)).  Section 37.004 of the TDJA explicitly permits "a person interested under a deed" to seek a determination of "any question of construction or validity arising under the instrument and obtain a declaration of rights, status, or other legal relations thereunder."  Vernon, 390 S.W. 3d at 55 (citing Tex. Civ. Prac. & Rem. Code § 37.004(a)).

Further, a "[t]respass to try title suit and suit to quiet title are two different causes of action," with two different outcomes.  Fricks v. Hancock, 45

17

S.W.3d 322, 327 (Tex. App. 2001); <u>Katz v. Rodriguez</u>, 563 S.W.2d 627, 629 (Tex. App. 1977).  A quiet title suit affords an equitable, rather than a legal remedy, and functions to remove a cloud or encumbrance currently impairing the owner's title to the property.  <u>Vernon</u>, 390 S.W.3d at 61; <u>Essex Crane Rental Co. v. Carter</u>, 371 S.W.3d 366, 387–88 (Tex. App. 2012).  "The effect of a suit to quiet title is to declare invalid or ineffective the defendant's claim to title."  <u>Vernon</u>, 390 S.W.3d at 61.

   The true nature of the dispute between the parties is unclear, in part because certain pleadings before the Court are threadbare, and because others advance arguments inappropriate at this stage of litigation.   Further, the previous federal court suit, addressing Deutsche Bank's claim to the property, has not yet been decided by the Fifth Circuit.  Accordingly, the Court will not find that the exclusive purpose of the suit is to adjudicate rival claims of title, and does not dismiss Deutsche Bank's counter-claims for quiet title and declaratory judgment on this basis.

 A. <u>Whether Defendant has stated a counterclaim for trespass to try title</u>

   "A trespass to try title action is the method of determining title to lands, tenements, or other real property."  Tex. Prop. Code § 22.001.  A trespass-to-try-title suit "is typically used to clear problems in chains of title or to recover possession of land unlawfully withheld from a rightful owner."  <u>Martin v.</u>

Amerman, 133 S.W.3d 262, 265 (Tex. 2004).  "A petition alleging trespass to try

title always puts title and possession in issue."  Hunt v. Heaton, 643 S.W.2d 677,

679 (Tex. 1982).  To prevail on a trespass-to-try title action, a plaintiff "may

recover by (1) proving a regular chain of conveyances from the sovereign, (2) by

proving a superior title out of a common source, (3) by proving title by limitations,

or (4) by proving prior possession, and that the possession had not been

abandoned."  Plumb v. Steussy, 617 S.W.2d 667, 668 (Tex. 1981) (quoting Land v.

Turner, 377 S.W.2d 181 (Tex. 1964)).

        Here, Deutsche Bank has pled that Nobles conveyed the Property, his

homestead at the time, to Jon Galland on November 30, 2015, and that Galland

obtained a $240,000 loan, secured by a Deed of Trust against the Property from

Long Beach on that day.  (Counterclaim ¶ 5.)  Deutsche Bank alleges that the Deed

of Trust was transferred to Deutsche Bank on September 27, 2007.  (Id.)  Deutsche

Bank claims it foreclosed on the Property on August 7, 2012, and that this

foreclosure was upheld in this Court.  (Id. ¶ 7.)  Notwithstanding the other means

by which Deutsche Bank may attempt to state a claim for trespass to try title, it has

adequately pled a regular chain of conveyances, sufficient to state a claim for

trespass to try title.  Accordingly, this claim survives the motion to dismiss.

B.  Whether Deutsche Bank has stated a counterclaim for quiet title

The elements of quiet title are explained in Section II(B), supra. Deutsche Bank pled that it was awarded an interest in the Property when Judgment was entered in the previous suit between the parties.  See Porterfield, 2015 WL 1061496.  Accordingly, Deutsche Bank has pled an interest in the Property. (Counterclaim ¶ 8.)  Deutsche Bank claims that its title to the Property is affected by Plaintiff's claim to ownership under the Deed of Execution recorded on June 13, 2015.  (Id. ¶ 11.)  Finally, Deutsche Bank alleges that while Plaintiff's claim to ownership under the Deed of Execution is valid on its face, it is invalid because Property was Nobles' homestead at the time the judgment lien was recorded and the lien never attached to the Property (id. ¶¶ 3–4, 13); and Nobles was deceased when Porterfield purchased the judgment lien, rendering the lien void (id. ¶ 13).

Accordingly, Deutsche Bank has pled each element of a quiet title claim.  See McLerran, 2013 WL 2468733, at *2.  Plaintiff's Motion to Dismiss this claim is therefore **DENIED** (Dkt. # 11.)

C.  Whether Plaintiff has stated a claim for declaratory judgment

As stated above, the purpose of the TDJA "is 'to settle and afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations.'"  Bonham State Bank v. Beadle, 907 S.W.2d 465, 467 (Tex. 1995) (quoting Tex. Civ. Prac. & Rem. Code § 37.002(b)).  The TDJA "does not create or

augment a trial court's subject-matter jurisdiction," but is "merely a procedural device for deciding cases already within the court's jurisdiction." Transp. Ins. Co. v. WH Cleaners, Inc., 372 S.W.3d 223, 227 (Tex. App. 2012).  Accordingly, declaratory judgment is suitable where there is a judiciable controversy.  Id.  Under the TDJA, a justiciable controversy exists where a party "interested under a deed . . . written contract, or other writings constituting a contract," seeks a "declaration of rights, status, or other legal relations thereunder."  Tex. Civ. Prac. & Rem. Code § 37.004(a).

Here, Deutsche Bank seeks declaratory judgment "affirming its title and right to possess the Property," as well as declaratory judgment "declaring the Deed Under Execution and any other interest in the Property claimed by Plaintiff and his successors and assigns . . . void, invalid, and unenforceable."  (Counterclaim ¶ 17.) This Court has the authority to address these issues once the factual matters before the Court have been resolved.  Accordingly, Deutsche Bank has stated a proper claim for declaratory judgment, and Plaintiff's motion to dismiss this claim is **DENIED** (Dkt. # 11).

## CONCLUSION

For the reasons stated above, Plaintiff's Motion to Remand is **DENIED**, and this Court retains jurisdiction over the matter (Dkt. # 5).  Plaintiff's complaint states a claim, and Deutsche Bank's Motion to Dismiss the Complaint is

21

**DENIED** (Dkt. # 4).  Likewise, Deutsche Bank has stated counterclaims against

Plaintiff upon which relief may be granted, and Plaintiff's Motion to Dismiss the

Counterclaims is **DENIED** (Dkt. # 11).

**IT IS SO ORDERED.**

**DATED:** San Antonio, Texas, September 19, 2016.

_____
David Alan Ezra
Senior United States District Judge